# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

SHANNON RUCKMAN,

Plaintiff(s),

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant(s).

2:07-CV-0474-RLH-LRL

**O R D E R**
(Motion to Change Venue–#12)

Before the Court is Defendant's Motion to Change Venue (#12). The Court also considers Plaintiff's Opposition (#17) and Defendant's Reply (#24). The Court will deny the motion.

Plaintiff is a former employee of the State of Nevada, through which she obtained long-term disability insurance coverage under a group disability income insurance policy issued by Defendant. The policy was issued and delivered in the State of Nevada. Page 1 of the policy bears the language, "This contract shall be governed by the laws of the state in which it is delivered."

Twelve years ago, in 1995, Plaintiff was diagnosed with fibromyalgia and a thyroid condition and became disabled and left her employ with the State of Nevada. She was later provided with disability benefits by Defendant under the State of Nevada group policy.

Allegedly because she could not survive on the $1008 per month from the policy, at some point Plaintiff moved to Utah to stay with her mother. The date is not provided. Allegedly, in 2006, Defendant scheduled independent medical evaluations to assess Plaintiff's cognitive and

hearing functionality. Plaintiff failed to make several scheduled and rescheduled appointments for the evaluations, giving reasons that appeared, at least to Defendant, to be excuses to avoid the evaluations. After Plaintiff's repeated failures, or refusals, to attend, Defendant notified her that they were ceasing to pay the benefits in February 2007.

This lawsuit was quickly filed in the State Court of Nevada and then removed to this Court. A motion to remand is pending and will be hereafter addressed by the Court.

The present motion was filed and the discovery stayed until its resolution.

The bases for the Motion to Change Venue are discussed in the context of the factors identified in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Plaintiff argues that the factors really favor keeping the case here, and further claims the motion was not timely and not brought under the appropriate statute. The Court addresses and resolves all the arguments in the order it chooses.

Plaintiff's argument, that Defendant's motion was brought under the wrong statute, noting the citation to 28 U.S.C. § 1406 at the beginning of the motion, and claiming that § 1404, the correct statute, is not implicated in Defendant's motion, is without merit. It appears the citation on page one may be a typographical error. On page 5 of the motion, in the discussion, Defendant makes specific reference to § 1404.

Plaintiff also claims that the motion is untimely because the first answer did not contain the affirmative defense of improper venue. However, an amended answer, filed 20 days thereafter, in conformance with Rule 15(a), Fed. R. Civ. P., does contain the required defense of improper venue. The Second and Eleventh Circuit's cases, purportedly holding that it must be in the "first" responsive pleading, are neither governing precedent nor persuasive. Rule 12(h) permits any defense inserted in "a responsive pleading or an amendment permitted by Rule 15(a). . . ." (Emphasis added). Defendant's motion is permitted under the rules.

The Court will now address the *Jones v. GNC Franchising, Inc.* factors.

/ / / /

**(1) The location where the relevant agreements were negotiated and executed.**

This favors the Plaintiff. The insurance contract was negotiated in Nevada, for the State of Nevada and for employees of the State of Nevada. It was delivered to the State of Nevada. To ensure consistency in decisions arising out of the contract, justice suggests that any cases dealing with the contract be filed in Nevada.

**(2) The state that is most familiar with the governing law.**

This favors Plaintiff. Defendant spends considerable time arguing that Utah law should govern because the Plaintiff lives in Utah, and Utah has the most interest in the outcome of the case. That Defendant would make these arguments is understandable, given the fact that Utah law does not permit a private cause of action for many of Plaintiff's claims, whereas Nevada does. It is precisely for that reason that Nevada has the most compelling interest in the outcome of the case and the law that should be applied. This is a Nevada contract entered into for the benefit of employees of the State of Nevada. Nevada law should apply and Nevada is most familiar with its own laws.

**(3) The plaintiff's choice of forum.**

This favors Plaintiff. It is obvious that Plaintiff's choice of forum is Nevada. Given the difference in the law, as to private causes of action, the reason is clear and understandable. Defendant's arguments that it may be difficult or impossible for Plaintiff to appear for deposition or trial, or to obtain the necessary witnesses at trial is a little self-serving. It is Plaintiff's choice to make, not Defendant's to make for her. And Plaintiff has the right to choose.

**(4) The respective parties contacts with the forum.**

This favors the Plaintiff, notwithstanding Defendant's arguments to the contrary. While it is true that recent actions took place in Utah, and Plaintiff's current treating physicians are in Utah, and it was in Utah that Plaintiff failed to appear for the examinations, Defendant's contacts with Nevada, where it negotiated and entered into a contract for the benefit of the State of Nevada and its employees, are equally as strong as its contacts with Utah, where it merely sent letters. It is

not domiciled in either state.

Plaintiff, although she now lives in Utah, and uses doctors there, became a beneficiary under the policy while living in Nevada, and while an employee of the State of Nevada. Furthermore, she became disabled in Nevada and the determinations of her disability apparently occurred in Nevada.

**(5) The contact relating to the plaintiff's cause of action in the chosen forum.**

This favors Plaintiff. Although Plaintiff was living in Utah when the benefits were terminated, and her actions which Defendant uses to justify the termination occurred in Utah, the cause of action arises out of the termination of previously approved and paid benefits, which occurred in Nevada, based upon a contract entered into in Nevada, for Nevadans. Defendant's contacts with Utah during the termination were minimal, beyond Plaintiff's presence there and the arrangement for doctor's examinations there. The mere fact that Defendant made its decision while Plaintiff was living in Utah is irrelevant. Defendant's contacts with Nevada are substantial. There is where it entered into the contract, and it administers its insurance in and for the benefit of Nevada and its residents.

**(6) The differences in the costs of litigation in the two forums.**

This favors the Defendant. Notwithstanding Plaintiff's claims that she has witnesses in Nevada regarding Defendant's actions with respect to other insureds, Depositions for discovery and/or for trial will undoubtedly have to be taken in Utah of witnesses there because of the inability to subpoena Utah witnesses for appearances in Nevada. Although Plaintiff contends that she is willing to and able to appear in Nevada for deposition and trial, and that her doctor in Utah is also willing to come to Nevada for trial, depositions of doctors, Plaintiff's mother, and potentially other witnesses will have to be taken by Defendants to prepare for trial and those witnesses may not be as willing to comply with Defendant's requests to come to Nevada. It is true, that if the case were removed to Utah, the same out-of-state depositions would have to be conducted with any potential Nevada witnesses. However, the Court is of the opinion that it would likely be less expensive to try

in Utah, all things being considered.

The Court reminds both parties that any failure by Plaintiff to cooperate with discovery rights to take her deposition may be met with severe sanctions after giving the assurances in her opposition.

**(7) The availability of compulsory process to compel the attendance of unwilling non party witnesses.**

For the reasons stated above, this also favors the Defendant. For the same reason the Court does not consider this to be an additional factor. Rather, it is the same factor considered in (6).

**(8) The ease of access to sources of proof.**

For the reasons stated in (6) above, with respect to witnesses, this also favors the Defendant. However, with respect to medical records and employment records in Nevada, it favors the Plaintiff. The Court has no way of weighing the differences and considers this a draw.

**(9) The presence of a forum selection clause.**

Although there is no forum selection clause, there is a clause selecting the applicable law. For the reasons stated in (1), (2) and (4) above, this weighs in favor of Plaintiff.

**(10) The relevant public policy of the forum state.**

This favors Plaintiff. The policy of the State of Nevada, as evidenced by its statutes permitting private causes of action under its Unfair Claim Practices Act, NRS §686A.310, clearly has a policy which permits insureds to ask the Court's for relief. Utah's Unfair Trade Practices Act, Utah Code Ann. § 31A-26-303(5), does not provide for a private cause of action, clearly contrary to Nevada's policy.

The potential effect of removal of this case to Utah may be to destroy the court's jurisdiction and place the matter in an administrative tribunal.

/ / / /

/ / / /

CONCLUSION

Considering the totality of the circumstances and the factors above, the Court, in its discretion to determine what justice requires, finds that justice is best served by denying the change of venue.

IT IS THEREFORE ORDERED that Defendant's Motion to Change Venue (#12) is DENIED.

IT IS FURTHER ORDERED that the Stay of the Court's Order (#11), to file a Stipulated Discovery Plan and Scheduling Order, pursuant to the Court's Order (#14), is LIFTED, and the parties shall file said Stipulated Discovery Plan and Scheduling Order no later than December 17, 2007.

Dated: November 29, 2007.

Roger L. Hunt

**Roger L. Hunt**
**Chief United States District Judge**